## Sutton, Appellant, *v.* Pennsylvania Railroad Company.

*Railroads—Eminent domain—Dwelling house—Curtilage—Widening road
—Act of March 17, 1869, P. L. 12.*

Under the Act of March 17, 1869, P. L. 12, relating to the widening of rights of way of railroad companies, a single taking does not exhaust the power.

A railroad company will not be restrained from taking a strip of land from the curtilage of a dwelling house, for the purpose of widening its road-bed, where there is no evidence to show that there was an abuse of power, nor that the facilities and capacity for the transportation of traffic did not require the widening of the road, nor that any less ground would answer for the safety of persons and property in the operation of the railroad, in view of the elevation of the railroad and the necessity for embankments to support the slope.

Argued Jan. 30, 1905. Appeal, No. 55, Jan. T., 1904, by plaintiff, from decree of C. P. Montgomery Co., Oct. T., 1903, No. 1, dismissing bill in equity in case of Hannah Anderson Sutton v. Pennsylvania Railroad Company. Before MITCH-ELL, C. J., DEAN, FELL, POTTER and ELKIN, JJ. Affirmed.

Bill in equity for an injunction.

In addition to the findings of fact quoted in the opinion of the Supreme Court, it appeared that the proceeding for widening in question was a second exercise of the power under the Act of March 17, 1869, P. L. 12.

SWARTZ, P. J., filed an opinion containing the following conclusions of law:

1. The taking of the strip of ground from Mrs. Sutton is lawful even if it is a second taking under the Act of March 17, 1869, P. L. 12, along the defendants' railroad between Ardmore and Bryn Mawr, for the purpose of widening and straightening or otherwise improving its roadway. A single taking does not exhaust the power of the company granted by the act of 1869, but the taking or widening may be repeated as often as in the opinion of the board of directors, the same is necessary for the better securing the safety of persons and property and increasing the facilities and capacity for the transportation of traffic. Such power, however, must not be abused by the company.

*Error assigned* was decree dismissing the bill.

*Hampton L. Carson*, with him *W. Henry Sutton* and *Hillegas & Larzelere*, for appellant.

*N. H. Larzelère*, with him *C. H. Stinson*, for appellee.

PER CURIAM, April 24, 1905:

The learned judge below found as facts that "all the land that the company proposes to take from Mrs. Sutton is needed to make the contemplated railroad improvements. There is no evidence from which we can find that there is any abuse of power in taking the land. Nor is there any sufficient evidence to show that the facilities and capacity for transportation or traffic do not require the widening and straightening of the roadway. Nor is it shown that any less ground will answer for the safety of persons and property in the operation of the railroad. The new driveway will not take up any more space than the existing one. The use of the old has not demonstrated that a narrower one will answer. The elevation of the roadbed and the consequent embankments to support the railroad and driveway require slopes and these require a wider roadbed or right of way than is ordinarily needed." And further that "the uses heretofore made of the ground taken, considered in connection with all its surroundings, do not show that it is a part of the curtilage necessary to the reasonable enjoyment of the house."

None of these findings has been successfully attacked and on them the judgment is affirmed.